UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA NICOLE BASSETT,<br><br>    Petitioner,<br><br>    v.<br><br>SCOTT M. KERNAN,<br><br>    Respondent. | No. 2:16-cv-2428 JAM AC P<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner, a state prisoner proceeding through retained counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Currently before the court is respondent's fully briefed motion to dismiss (ECF No. 6), which was heard on the court's regular law and motion calendar on February 15, 2017 (ECF No. 17).

I.   Factual and Procedural Background

Petitioner was convicted in Sacramento County of (1) first-degree murder, (2) three counts of attempted murder, and (3) discharging a firearm at an inhabited dwelling. ECF No. 1 at 2. Sentencing enhancement allegations were found to be true, including use of a firearm and commission of a crime for the benefit of a criminal gang. Id.  Petitioner was sentenced to life without the possibility of parole for the murder, and a consecutive 121 years to life for the remaining counts and enhancements. Lod. Doc. No. 1.

////

Petitioner appealed, and the California Court of Appeal affirmed the judgment on March 12, 2015. Lod. Doc. No. 2 (reversing parole revocation fine and otherwise affirming the judgment). Petitioner filed a petition for review in the California Supreme Court on April 14, 2015. Lod. Doc. No. 3. The petition was denied on July 8, 2015. Lod. Doc. No. 4.

On October 11, 2016, petitioner filed the instant petition for writ of habeas corpus. ECF No. 1. Respondent was ordered to respond to the petition (ECF No. 3) and filed a motion to dismiss (ECF No. 6). Petitioner has opposed the motion. ECF No. 12.

## II. Motion to Dismiss

Respondent argues that the petition should be dismissed because it is untimely, as it was filed beyond the one-year statute of limitations. ECF No. 6 at 2-3. Additionally, respondent argues that the petition should be dismissed because Ground 4 is unexhausted and petitioner is not entitled to a Rhines[1] stay because she has failed to demonstrate good cause. Id. at 3-4.

## III. Opposition

Petitioner opposes the motion to dismiss, conceding that the petition is untimely but arguing that equitable tolling is warranted to excuse the untimeliness, which was caused by counsel's miscalculation of the applicable deadline. ECF No. 12 at 2-4. Petitioner also concedes that Ground 4 of the petition is unexhausted, and has filed a request for leave to withdraw the unexhausted claim and file an amended petition reflecting the withdrawal. ECF No. 16.

## IV. Statute of Limitations

Section 2244(d)(1) of Title 28 of the United States Code contains a one-year statute of limitations for filing a habeas petition in federal court. The one-year clock commences from one of several alternative triggering dates. 28 U.S.C. § 2244(d)(1). In this case the applicable date is that "on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A).

The California Supreme Court denied review of petitioner's conviction and sentence on July 8, 2015, and the judgment became final when the time to seek certiorari in the United States

---

[1] Rhines v. Weber, 544 U.S. 269 (2005).

Supreme Court expired 90 days thereafter. See Velasquez v. Kirkland, 639 F.3d 964, 965 (9th Cir. 2011). Accordingly, the statute of limitations began to run on October 7, 2015, and expired absent tolling on October 6, 2016. The parties do not dispute these calculations. See ECF No. 6 at 2; ECF No. 12 at 2.

Since petitioner did not file any state collateral actions, she is not entitled to any period of statutory tolling. See 28 U.S.C. § 2244(d)(2) (providing that statute of limitations is tolled during pendency of properly-filed applications for state collateral relief).

Because the federal petition was filed on October 11, 2016, five days after expiration of the limitations period, it can only be saved from dismissal for untimeliness if petitioner is entitled to equitable tolling. Equitable tolling requires a showing "(1) that [petitioner] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstances stood in [her] way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Equitable tolling is only appropriate if "'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003) (quoting Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003)). The petitioner bears the burden of demonstrating that equitable tolling is warranted. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

As grounds for equitable tolling, petitioner contends that retained habeas counsel misunderstood the finality rules that determine commencement of the statute of limitations, and wrongly believed that the decision of the California Supreme Court, denying review of the intermediate appellate court's decision, became final upon issuance of the remittitur rather than upon issuance of the decision. ECF No. 12 at 2-3. Counsel was "unaware" of Rule 8.532(b)(A), Cal. Rules of Court, which provides that state Supreme Court decisions are final on filing. Id.[2]

---

[2] See 28 U.S.C. § 2244(d)(1)(A) (one-year limitations period runs from "the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.") The period of direct review includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999). In this case, the decision of the California Supreme Court issued on July 8, 2015. The ninety-day period to seek certiorari ended on October 6, 2015. The limitations period accordingly began to run on October 7, 2015, see Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001), and the federal (continued…)

Both the United States Supreme Court and the Ninth Circuit have repeatedly held that attorney negligence, including misunderstanding of the AEDPA's requirements or miscalculation of the deadline, does not support equitable tolling. Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (holding that "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001) (attorney negligence in miscalculating limitations period does not warrant equitable tolling); Miranda v. Castro, 292 F.3d 1063 (9th Cir. 2002) (attorney provision of misinformation about deadline does not warrant equitable tolling); Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010) ("[a]ttorney negligence, including miscalculation of a filing deadline, is not a sufficient basis for applying equitable tolling"). Such errors constitute "garden variety" excusable neglect, which fails as a matter of law to meet the equitable tolling standard of extraordinary circumstances. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990).

Facts establishing "extraordinary" or "egregious" attorney misconduct, rather than mere negligence, may nonetheless support equitable tolling. Holland v. Florida, 560 U.S. 631, 652-54 (2010); Spitsyn v. Moore, 345 F.3d 796, 800 (9th Cir. 2003). For example, in Spitsyn the court found tolling appropriate because counsel had effectively abandoned his client and completely failed to perform:

> Though he was hired nearly a full year in advance of the deadline, [counsel] completely failed to prepare and file a petition. Spitsyn and his mother contacted [counsel] numerous times, by telephone and in writing, seeking action, but these efforts proved fruitless. Furthermore, despite a request that he return Spitsyn's file, [counsel] retained it for the duration of the limitations period and more than two months beyond. That conduct was so deficient as to distinguish it from the merely negligent performance of counsel in Frye and Miranda.

Id. at 801. Holland, which the Supreme Court remanded for consideration of equitable tolling,

---

petition was due on or before October 6, 2016. Calculating from the date the remittitur issued from the California Supreme Court (July 13, 2015) instead of the date the decision issued, counsel erroneously believed the deadline to be October 11, 2015. ECF No. 12 at 2-3. He filed on the last possible day of the miscalculated deadline.

4

1    also involved allegations of dereliction amounting to client abandonment.  See Holland, 560 U.S.
2    at 652-53.³

3        The facts here do not come close to those of Spitsyn and Holland.  Counsel here did not
4    completely fail to prepare and file a petition.  He did not refuse to communicate with his client,
5    fail to provide information about the status of the case, ignore the client's pleas that the petition
6    be prepared by a specific date, or ignore the client's provision of the correct legal rules.  Neither
7    did counsel withhold files or otherwise prevent his client from protecting her rights on her own.
8    Although counsel freely admits his failure to perform competently regarding the statute of
9    limitations, a legal error about operation of the limitations rules is the only attorney "misconduct"
10   at issue here.  Because this error amounts to negligence, and not abandonment or an equivalent
11   level of egregious misconduct, it is insufficient as a matter of law to support equitable tolling.
12   See Frye, 273 F.3d at 1146; Miranda, 292 F.3d at 1068; Porter, 620 F.3d at 959; see also Taylor
13   v. Hedgpeth, No. CV 08-6483-R (AGR), 2009 WL 82276, at *2, 2008 U.S. Dist. LEXIS 107961,
14   at *5 (C.D. Cal. Jan. 8, 2009) (finding that petitioner was not entitled to equitable tolling when
15   counsel for petitioner miscalculated the AEDPA deadline based on the date of remittitur in state
16   court).

17       Petitioner attempts to bring the facts of this case within the reach of Spitsyn, and
18   distinguish Miranda v. Castro, supra, on grounds that here as in Spitsyn the late filing was directly
19   caused by retained habeas counsel, rather than by the erroneous advice of a lawyer who was not
20   responsible for filing the petition, as in Miranda.  ECF No. 12 at 4.  That is a distinction without a

---

³ "To be sure, [counsel] failed to file Holland's petition on time and appears to have been unaware of the date on which the limitations period expired -- two facts that, alone, might suggest simple negligence.  But, in these circumstances, the record facts we have elucidated suggest that the failure amounted to more: Here, [counsel] failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so.  [Counsel] apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules.  [Counsel] failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information.  And [counsel] failed to communicate with his client over a period of years, despite various pleas from Holland that [counsel] respond to his letters." Id. at 652.

difference.  The question is whether the late filing was caused by extraordinary circumstances, and the U.S. Supreme Court and the Ninth Circuit have both squarely held that attorney negligence is not an extraordinary circumstance.  The Miranda petitioner was denied equitable tolling because his appellate lawyer was merely negligent in giving wrong information about the deadline, not because the lawyer wasn't responsible for the habeas petition.  And the Spitsyn petitioner was entitled to equitable tolling because his lawyer committed egregious misconduct above and beyond negligence, not because he was responsible for filing the habeas petition.  The distinction that matters is between negligence and egregious misconduct, not between appellate and habeas counsel.

Petitioner argues that without equitable tolling, she will be personally prejudiced because of counsel's errors.  That is absolutely true.  When a petitioner is represented by counsel, she – like any other client in our system of representative litigation – "must bear the risk of attorney error."  Coleman v. Thompson, 501 U.S. 722, 753 (1991).[4]  In fact, "the principal rationale for disallowing equitable tolling based on ordinary attorney miscalculation is that the error of an attorney is constructively attributable to the client and thus is not a circumstance beyond the litigant's control."  Holland, 560 U.S. at 657 (Alito, J., concurring) (citations omitted).  Accordingly, petitioner's dependence upon counsel in this case does not support equitable tolling – though it undoubtedly highlights the harsh results created by statutes of limitations and attorneys who negligently fail to understand and follow them.

Petitioner's theory for equitable tolling, based exclusively on counsel's erroneous understanding of the limitations period, is contrary to settled authority.  As the Supreme Court explained in Lawrence,

> If credited, this argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline.  Attorney miscalculation is simply not sufficient to

---

[4] In Coleman, the petitioner was denied review of his federal claims because his lawyer had filed a notice of appeal in state court 3 days late, causing a procedural default.  Mr. Coleman was eventually executed without federal court review of his claims, because of attorney error attributed to him by these general agency principles.

> warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel.

Lawrence, 549 U.S. at 336-37.

V. Conclusion

If this case involved a deadline that the court had the discretion to extend, it would do so on grounds of excusable neglect. However, that is not the standard which applies here. Petitioner did not miss a court-imposed filing deadline, but a statute of limitations. The court has no authority to excuse such lateness. For the reasons explained above, petitioner has not established that extraordinary circumstances caused the late filing. Because the petition must therefore be dismissed as untimely, the undersigned need not and does not reach the exhaustion issue.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 6) be granted and petitioner's application for a writ of habeas corpus be denied as untimely.

2. This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 24, 2017

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE